UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL LEE SCHWITZKE JR,

Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

Defendant.

CASE NO. 3:16-CV-06019-DWC

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff Michael Lee Schwitzke, Jr. filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to discuss significant and probative evidence contained in Dr. Christmas Covell's opinion. Further, the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving less weight to the opinions of Drs. Charles Quinci and Randy

Hurst. Had the ALJ properly considered the opinions of these three doctors, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 15, 2012, Plaintiff filed applications for SSI and DIB, alleging disability as of February 10, 2012. *See* Dkt. 10, Administrative Record ("AR") 19. The applications were denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before ALJ Riley J. Atkins on September 8, 2014. *See* AR 46-77. The ALJ held a supplemental hearing on March 30, 2015. AR 78-99. In a decision dated April 15, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 19-38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ failed to: (1) include all limitations opined to by Dr. Christmas Covell; (2) properly consider the opinions of Drs. Charles Quinci and Randy Hurst; (3) properly reject the lay witness evidence; and (4) properly reject Plaintiff's subjective symptom testimony. Dkt. 15, pp. 1-2. Plaintiff asks the Court to remand for award of benefits.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in her evaluation of the opinion evidence submitted by Drs. Covell, Quinci, and Hurst. Dkt. 15, pp. 3-13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. Dr. Covell

Plaintiff maintains the ALJ erred when he failed to include in the RFC assessment all limitations assessed by consulting psychologist Dr. Christmas Covell, Ph.D. Dkt. 15, pp. 3-5. Specifically, Plaintiff asserts the ALJ gave moderate weight to Dr. Covell's opinion and included many of the opined limitations in the RFC, but did not include Dr. Covell's finding that Plaintiff would have occasional lapses in concentration, persistence, and pace in the RFC and did not provide specific and legitimate reasons supported by substantial evidence for discounting this limitation. *See id.*

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Dr. Covell completed a Mental RFC assessment as a portion of the Disability Determination Explanation. AR 130-47. Dr. Covell opined Plaintiff is able to understand and remember simple instructions and well-learned semi-detailed tasks, carry out simple, routine tasks and well-learned semi-complex tasks that are not fast-paced, and adjust to routine workplace changes and carry out goals set by others. AR 142-43. She found Plaintiff functions best in smaller group settings with superficial public interaction and has the ability to maintain cooperative interactions with supervisors and coworkers. AR 143. Dr. Covell also opined Plaintiff will have occasional lapses in concentration, persistence, and pace due to his anxiety, difficulty with concentration under pressure, and slowed processing, "through should be able to remain within tolerable levels." AR 142.

The ALJ gave moderate weight to Dr. Covell's opinion, determining Plaintiff's interactions with coworkers and supervisors should be further limited. AR 32. In his decision, the ALJ did not include a discussion regarding Dr. Covell's opinion as to Plaintiff's occasional lapses in concentration, persistence, and pace due to anxiety, difficulty with concentration under pressure, and slowed processing. *See* AR 32. Further, the ALJ did not include a limitation in the RFC specific to Dr. Covell's opinion that Plaintiff will have occasional lapses in concentration, persistence, and pace. *See* AR 25. The RFC states, in relevant part, Plaintiff "can maintain concentration, persistence or pace for routine repetitive work, and occasionally more complex work, but would not likely be able to sustain concentration for complex work." AR 25.

Plaintiff's lapses in concentration, persistence, and pace are related to his ability to be employed and is therefore significant, probative evidence. While the ALJ accounted for some limitations in Plaintiff's concentration, persistence, and pace, he does not explain if he considered Dr. Covell's opinion that Plaintiff will have <u>lapses</u> in concentration persistence and pace. *See* AR 25, 32. Additionally, the RFC does not expressly contain a limitation concerning <u>lapses</u> in Plaintiff's concentration, persistence, and pace. *See* AR 25, 32. The Court notes, when discussing Plaintiff's limitations, Dr. Covell's opinion states Plaintiff should be able "to remain within tolerable limits". AR 142. It, however, is unclear if Dr. Covell is discussing Plaintiff's lapses in concentration, persistence, and pace or if Dr. Covell found Plaintiff would remain within tolerable limits despite his difficulty concentrating under pressure and his slowed processing. The ALJ did not provide any explanation as to his interpretation of Dr. Covell's opinion and it is unclear from the ALJ decision why the ALJ did not include "lapses in concentration, persistence, or pace" as a limitation in the RFC. *See* AR 32.

As the Court cannot determine if the ALJ properly included Dr. Covell's opined limitation regarding Plaintiff's lapses in concentration, persistence, and pace in the RFC or simply ignored the limitation, the Court finds the ALJ erred. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered all of Dr. Covell's opined limitations, the RFC may have included a limitation that Plaintiff would have lapses in concentration, persistence, and pace. Therefore, if Dr. Covell's opinion as to Plaintiff's limitations in concentration, persistence, and pace were included in the RFC and in the hypothetical questions posed to the vocational expert, Steven R. Cardinal, the ultimate disability determination may have changed. Accordingly, ALJ's failure to discuss Dr. Covell's opinion regarding Plaintiff's lapses in concentration, persistence, and pace is not harmless and requires reversal.

B. Dr. Quinci

Plaintiff next argues the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of examining psychologist Dr. Charles Quinci, Ph.D. Dkt. 15, pp. 5-8.

Dr. Quinci completed Psychological/Psychiatric Evaluations of Plaintiff in September 2013 and March 2014. AR 534-41. In September 2013, Dr. Quinci opined Plaintiff was moderately limited in his ability to understand, remember, and persist in tasks by following detailed instructions, adapt to changes in a routine work setting, maintain appropriate behavior in a work setting, communicate and perform effectively in a work setting, and set realistic goals and plan independently. AR 536. He found Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, learn new tasks, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 536. Dr. Quinci determined Plaintiff had a Global Assessment of Functioning ("GAF") score of 47. AR 535.

In March of 2014, Dr. Quinci opined Plaintiff had moderate limitations in his ability to understand, remember, and persist in tasks by following detailed instructions, learn new tasks, maintain appropriate behavior in a work setting, communicate and perform effectively in a work setting, and set realistic goals and plan independently. AR 540. He found Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 540. Dr. Quinci determined Plaintiff's GAF score was now 48-50. AR 539.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 7

The ALJ discussed Dr. Quinci's September 2013 and March 2014 opinions, and then stated:

> I give little weight to Dr. Quinci's opinions for several reasons. **First**, the doctor did not take into account the claimant's potential if he followed up with consistent medical and psychological treatment and took his medications as prescribed. **Second**, the doctor's opinions are not consistent with the claimant's wide variety of daily activities. For example, he reports he cleans his fish tank, washes laundry, shops in stores for groceries, prepares meals, and rides his mountain bike around local lakes.
>
> **Third**, the doctor's opinions are not consistent with claimant's work activities during the period he is alleging disability. The claimant reports working as a certified nurse's assistant (CNA), caregiver, and janitor. **Fourth**, the doctor's opinions of the claimant's GAF score are vague and do not contain specific vocational limitations. **Lastly**, the doctor's opinions are not consistent with the record as a whole.

AR 33 (internal citations omitted, emphasis added).

First, the ALJ gave little weight to Dr. Quinci's opinions because Dr. Quinci did not take into account Plaintiff's potential if he followed up with consistent medical and psychological treatment and took his medications as prescribed. AR 33. The ALJ fails to cite to any evidence in the record showing Plaintiff's potential. *See* AR 33. The ALJ also fails to cite to any portion of the record which indicates Dr. Quinci failed to consider Plaintiff's potential if Plaintiff had consistent treatment. Further, Dr. Quinci's March 2014 opinion recommends Plaintiff continue with his "psych meds," which implies Plaintiff was taking medications at the time of Dr. Quinci's second opinion. AR 540. Here, it appears the ALJ attempted to assume the role of a medical professional by making his own medical findings, rather than rely on the medical evidence, when he determined Plaintiff would be less limited with additional treatment. This is imporper. Thus, the Court finds the ALJ's first reason for giving little weight to Dr. Quinci's opinions is not specific and legitimate and supported by substantial evidence. *See, e.g., Rohan v.*

*Chater,* 98 F.3d 966, 970 (7th Cir. 1996) ("... ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

Second, the ALJ gave little weight to Dr. Quinci's opinions because the opinions are not consistent with Plaintiff's daily activities. AR 33. While the ALJ lists several of Plaintiff's daily activities, the ALJ fails to explain how Plaintiff's ability to clean a fish tank, do laundry, prepare meals, shop for groceries, and ride his mountain bike are inconsistent with Dr. Quinci's opinions. *See* AR 33. Without an explanation regarding what portions of Dr. Quinci's opinions are inconsistent with Plaintiff's daily activities, the Court finds this is not a valid reason for discounting Dr. Quinci's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes*, 331 F.3d at 569. Further, the record shows Plaintiff's activities of daily living are more limited than noted by the ALJ. For example, Plaintiff states he spends only eight hours weekly cleaning, eating, and doing laundry. AR 348. He states he lets the dishes or laundry pile up because he feels depressed. AR 348. He also only shops one to two times per month for one to two hours. AR 349.[1] As such, the Court concludes the ALJ's second reason for giving little weight to Dr. Quinci's opinions is not specific and legitimate and supported by substantial evidence. *See Popa v. Berryhill*, -- F.3d --, 2017 WL 3567827, *4 (9th Cir. Aug. 18, 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

Third, the ALJ gave little weight to Dr. Quinci's opinions because the opinions are not consistent with Plaintiff's work activities during the period he is alleging disability. AR 33. Specifically, the ALJ cites Plaintiff's reports of working as a CNA, caregiver, and janitor. AR

---

[1] The Court notes the ALJ does not cite to any records indicating Plaintiff rides a mountain bike. *See* AR 33.

33. The Court again finds the ALJ failed to adequately explain how Plaintiff's work activities are inconsistent with Dr. Quinci's opinions. *See* AR 33. Further, the record does not support the ALJ's conclusion. Plaintiff's work did not rise to the level of substantial gainful activity. AR 21. The record shows Plaintiff worked as a CNA from February to May of 2012 and a janitor from May – September 2012. AR 399. Plaintiff could not handle work as a CNA and the job lasted only four months. *See* AR 534. Plaintiff worked as a janitor 8 hours per week for five months before he was fired. *See* AR 327, 695. Plaintiff also reported he was a care provider for his grandmother in July 2014; however, there is no information regarding how long he did this or the extent of his work. AR 649. Moreover, the fact Plaintiff attempted to work, but did not succeed, is not a sufficient reason to discredit Dr. Quinci's opinions. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("[i]t does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience [symptoms] and limitations severe enough to preclude him from *maintaining* substantial gainful employment" and may support allegations of disabling symptoms). Accordingly, the Court finds the ALJ's third reason for giving little weight to Dr. Quinci's opinions is not specific and legitimate and supported by substantial evidence.

Fourth, the ALJ gave little weight to Dr. Quinci's opinions because the GAF scores are vague and do not contain vocational limitations. AR 33. The ALJ's finding is conclusory. He does not explain why he finds the GAF scores vague. *See* AR 33. Further, Dr. Quinci's opined limitations are separate from the GAF scores; the GAF scores were included in the diagnoses section of Dr. Quinci's evaluations, rather than the section opining to Plaintiff's functional limitations. *See* AR 535-36, 539-40. Thus, the GAF scores do not impact Dr. Quinci's opinions

as to Plaintiff's functional limitations and the ALJ's fourth reason for giving little weight to Dr. Quinci's opinions is not specific and legitimate and supported by substantial evidence.

Fifth, the ALJ gave little weight to Dr. Quinci's opinions because the opinions are not consistent with the record as a whole. AR 33. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, a conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22. Here, the ALJ failed to identify any specific evidence contained within the record which contradicts Dr. Quinci's opinions. *See* AR 33. Without more, the ALJ has failed to meet the level of specificity required, and the ALJ's conclusory statement finding "the record as a whole" as inconsistent with Dr. Quinci's opinions is not sufficient. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion").

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Quinci's opinions. Therefore, the ALJ erred. Had the ALJ properly considered the opinions of Dr. Quinci, the RFC and hypothetical question may have included additional mental limitations. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 11

C. <u>Dr. Hurst</u>

Plaintiff also argues the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of examining psychologist Dr. Randy Hurst, Psy.D. Dkt. 15, pp. 5-13.

On March 10, 2015, Dr. Hurst completed a DSHS Psychological Evaluation. AR 694-705. Dr. Hurst opined Plaintiff has mild to moderate limitations in his ability to understand, remember, and persist in tasks by following very short and simple instructions, and moderate limitations in his ability to perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. AR 702. He also found Plaintiff has moderate to marked limitations in performing activities within a schedule, maintaining regular attendance, being punctual without special supervision, learning new tasks, being aware of normal hazards and taking appropriate precautions, and completing a normal workday and work week without interruptions from psychologically based symptoms, and has marked limitations in his ability to understand, remember, and persist in tasks by following detailed instructions. AR 702.

The ALJ discussed Dr. Hurst's examination of Plaintiff and his diagnoses. AR 29-30. The ALJ then stated:

> I give limited weight to Dr. Hurst's diagnoses and opinions for several reasons. **First**, several of the doctor's opinions are inconsistent with the claimant's job activities. For example, the claimant reports he worked as a caregiver during the period he is alleging disability. He also stated he completed firefighter training, and completed certification as a certified nurse's assistant (CNA). **Second**, the doctor did not take into account the claimant's potential if he took medication to treat his attention deficit hyperactivity disorder. The claimant reports he has never taken medication to treat his attention deficit hyperactivity disorder.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 12

> **Third**, the doctor's opinions are not consistent with the claimant's wide range of daily activities. For instance, the claimant reports he cleans his fish tank, washes laundry, shops in stores for groceries, goes mountain biking. **Fourth**, the doctor did not take into account the claimant's potential if he followed up with consistent medical and psychological treatment for his impairments, and took his medications are prescribed. **Fifth**, the doctor appears to base his opinions on the claimant's subject complaints rather than on his results on intellectual testing. **Sixth**, the doctor appears to be advocating for the claimant in the evaluation report and medical source statement. **Seventh**, several of the doctor's opinions are vague and do not contain specific vocational limitations. **Eighth**, Dr. Hurst is a psychologist, who is not qualified to provide opinions about the claimant's physical limitations (e.g. lifting/carrying, walking/standing, etc.) caused by his medical impairments. **Lastly**, most of the doctor's opinions are not consistent with the record as a whole.

AR 30-31 (internal citations omitted, emphasis added).

Initially, the Court notes four of the reasons provided for rejecting Dr. Hurst's opinion are the same reasons given for rejecting Dr. Quinci's opinions. The ALJ rejected both Drs. Hurst's and Quinci's opinions because: (1) the opinions are inconsistent with Plaintiff's work activities; (2) the opinions are inconsistent with Plaintiff's activities of daily living; (3) the doctors did not consider Plaintiff's potential if he followed up with treatment and took his medications; and (4) the opinions are inconsistent with the record as a whole. AR 30-31, 33. The Court finds these four reasons for rejecting Dr. Hurst's opinion are invalid for the reasons set forth above. *See* Section I, B, *supra*.[2]

There are five additional reasons the ALJ provided for giving limited weight to Dr. Hurst's opinion.

Fifth, the ALJ found Dr. Hurst's opinion was entitled to limited weight because Dr. Hurst did not take into account Plaintiff's potential if he took medication to treat his attention deficit

---

[2] The Court finds additional discussion regarding the four reasons the ALJ used for rejecting both opinions is unnecessary and notes Defendant asserts that ALJ provided "largely the same reasons" for rejecting the opinions of Drs. Hurst and Quinci and provided a combined argument section for these two doctors. Dkt. 19, p. 7.

hyperactivity disorder ("ADHD"). AR 30. The ALJ fails to cite to any evidence in the record showing Plaintiff's potential if he took the proposed medications. *See* AR 30. Further, the ALJ fails to explain what evidence shows Dr. Hurst did not consider Plaintiff's potential if he took ADHD medication. While the ALJ cites to a record showing Plaintiff has not taken medication to treat his ADHD, the record cited does not show Plaintiff reported he had never taken ADHD medication or show Plaintiff's potential if he took the medication. Rather, the record shows a different examining psychologist noted Plaintiff's test results appeared to be a result of his ADHD and recommended medication management for Plaintiff. AR 654. The Court finds Dr. Hurst's alleged failure to consider Plaintiff's potential if he took ADHD medication is not a specific and legitimate reason supported by substantial evidence for discounting the opinion.

Sixth, the ALJ gave limited weight to Dr. Hurst's opinion because he based his opinion on Plaintiff's subjective complaints. AR 30. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary

basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200).

In reaching his opinion, Dr. Hurst reviewed medical records, observed Plaintiff, and conducted a diagnostic interview, a mental status examination, and IQ testing. *See* AR 694-705. Dr. Hurst did not discredit Plaintiff's subjective reports, and supported his ultimate opinions with the objective testing, personal observations, and a diagnostic interview. The Court finds Dr. Hurst's opinion was not more heavily based on Plaintiff's self-reports. Therefore, this is not a specific and legitimate reason supported by substantial evidence for giving little weight to Dr. Hurst's opinion. *See Buck v. Berryhill*, -- F.3d ---, 2017 WL 3862450, * 6 (9th Cir. Sept. 5, 2017) (finding a clinical interview and mental status evaluation are objective measures and cannot be discounted as a "self-report").

Seventh, the ALJ found Dr. Hurst's opinion was entitled to limited weight because Dr. Hurst appeared to be advocating for Plaintiff. AR 30. The ALJ failed to explain how Dr. Hurst is advocating for Plaintiff and offered no facts to support his conclusion. *See* AR 30. Further, an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Lester*, 81 F.3d at 832 (*quoting Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993)). As the ALJ failed to adequately explain his conclusion that Dr. Hurst is advocating for Plaintiff, this is not a specific, legitimate reasons supported by substantial evidence. *See Popa*, -- F.3d --, 2017 WL 3567827, *5 (finding the ALJ erred when she noted the doctor's opinion was based on sympathy for the claimant, but offered no facts to support her conclusion).

Eighth, the ALJ gave limited weight to Dr. Hurst's opinion because several of his opinions are vague and do not contain vocational limitations. AR 30. The ALJ does not identify what opinions are vague. Without more, the ALJ has failed to meet the level of specificity

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 15

required, and the ALJ's conclusory statement finding "several of [Dr. Hurst's] opinions are vague and do not contain vocational limitations" is not a sufficient reason to reject Dr. Hurst's opinion. *See Brown-Hunter*, 806 F.3d at 492.

Ninth, the ALJ gave limited weight to Dr. Hurst's opinion because he is not qualified to provide opinions about Plaintiff's physical limitations. AR 30-31. Dr. Hurst is not a medical doctor. Thus, the ALJ could discount Dr. Hurst's limitations regarding Plaintiff's physical limitations. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). However, this reasoning is not applicable to Dr. Hurst's conclusion regarding Plaintiff's psychological conditions. *See Anderson v. Colvin*, 223 F. Supp. 3d 1108, 1121 (D. Or. 2016). Further, Dr. Hurst stated Plaintiff has physical limitations per Plaintiff's report, but the physical limitations would need to be assessed by medical specialists. AR 702. The Court also notes, when discussing Dr. Hurst's findings, the ALJ does not discuss any physical limitations opined to by Dr. Hurst. *See* AR 29-30. The Court, therefore, finds this is not a specific, legitimate reason supported by substantial evidence for giving limited weight to Dr. Hurst's opinion.

For the above stated reasons, the Court concludes the ALJ has failed to provide specific, legitimate reasons supported by substantial evidence for giving limited weight to Dr. Hurst's opinion. Therefore, the ALJ erred. Had the ALJ properly considered Dr. Hurst's opinion, the RFC and hypothetical question posed to the vocational expert may have included additional mental limitations. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

**II.   Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony and the lay witness evidence.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations and alleges the ALJ failed to provide germane reasons for discounting the lay witness testimony of Plaintiff's roommate, Macleo V. Canda. Dkt. 15, pp. 13-18. The Court concludes the ALJ committed harmful error in assessing the medical opinions of Drs. Covell, Quinci, and Hurst. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony and Mr. Canda's testimony, on remand, the ALJ must reconsider Plaintiff's subjective testimony and Mr. Canda's testimony.

**III.   Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 15. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence, Plaintiff's symptom testimony, and Mr. Canda's testimony to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 8th day of September, 2017.

_____
David W. Christel
United States Magistrate Judge