UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL LEE SCHWITZKE JR, | CASE NO. 3:16-CV-06019-DWC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Michael Lee Schwitzke, Jr. filed a Motion for EAJA Fees and Costs, seeking attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. 23. Defendant asserts her position in this matter was substantially justified and requests no fee be awarded. Dkt. 25. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

The Court concludes Defendant's position was not substantially justified. Accordingly, Plaintiff's Motion is granted.

## Background and Procedural History

On September 8, 2017, the Court found the ALJ erred by failing to properly consider the medical opinion evidence. Dkt. 21. The Court found the error was harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id*.

On December 7, 2017, Plaintiff filed the Motion. Dkt. 23. Defendant filed a Response, Dkt. 25, and Plaintiff filed a Reply. Dkt. 26.

## Discussion

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

**I.    Substantially Justified**

In this matter, Plaintiff was the prevailing party because he received a remand of the matter to the Administration for further consideration. *See* Dkt. 21, 22. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce*, 487 U.S. at 565; *Flores*, 49 F.3d at 569). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the Administration does not have to prevail on the merits for the Court to conclude the Administration's position was substantially justified. *See Kali*, 854 F.2d at 334.

Here, the Court concluded the ALJ erred when he failed to discuss significant and probative evidence contained in Dr. Christmas Covell's opinion. Dkt. 21. In his decision, the ALJ did not include a discussion regarding Dr. Covell's opinion as to Plaintiff's occasional

lapses in concentration, persistence, and pace due to anxiety, difficulty with concentration under pressure, and slowed processing. Further, the ALJ did not include a limitation in the RFC specific to Dr. Covell's opinion that Plaintiff will have occasional lapses in concentration, persistence, and pace. It is clearly established an ALJ "may not reject significant probative evidence without explanation." *Flores*, 49 F.3d 562 at 570-71. As the ALJ failed to discuss significant, probative evidence, the Court concluded the ALJ committed harmful error requiring reversal. *See* Dkt. 21.

The Court also determined the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving less weight to the opinions of Drs. Charles Quinci and Randy Hurst. While the ALJ provided several reasons for giving less weight to these two opinions, his findings were conclusory, improper, and not supported by the record. *See* Dkt. 21. As the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving less weight to Drs. Quinci and Hurst, the Court found the ALJ committed harmful error in his consideration of these two opinions. *See* Dkt. 21.

Defendant asserts the Administration was substantially justified in its decision to litigate this case, but does not argue the ALJ's underlying position was substantially justified. *See e.g.* Dkt. 25, p. 2 ("Commissioner argued the ALJ did not overlook…"), p. 3 ("Commissioner addressed this issue in the briefing"), p. 4 ("Commissioner was justified in defending this case"). As Defendant does not clearly articulate how the ALJ's underlying position was substantially justified, the Court finds it must award fees and is not required to address Defendant's arguments that the Administration's litigation position was justified. *See Tobeler*, 749 F.3d at 834 (emphasis in original) ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified."). However, to

the extent Defendant is attempting to argue both the ALJ's underlying decision and the Administration's litigation position were substantially justified, the Court is not persuaded.

As discussed above, the Court determined the ALJ failed to discuss significant, probative evidence and failed to provide specific, legitimate reasons for discounting two medical opinions. Defendant states her position was substantially justified because it was justifiable to argue the ALJ did not overlook disabling impairments in Dr. Covell's report. Dkt. 25, p. 2. Simply because the Commissioner, on appeal to this Court, argued the evidence had more than one interpretation does not show the Administration's decision was substantially justified. Rather, the ALJ's failure to discuss a portion of a medical opinion was clear error requiring remand and the Court finds the Administration's position regarding Dr. Covell's opinion was not substantially justified. *See Flores*, 49 F.3d at 571 (finding the government's position was not substantially justified where ALJ failed to consider, without explanation, a report that was significant and probative to a claim of disability).

Defendant also argues her position was substantially justified because it was arguable that some of the reasons provided by the ALJ for discounting the opinions of Drs. Quinci and Hurst "met the requisite standard of specific and legitimate." Dkt. 25, pp. 2-4. In this case, the ALJ failed to properly consider the medical evidence and attempted to assume the role of a medical professional. *Id*. at p. 8. Further, several of the ALJ's findings were both conclusory and unsupported by the record. *See id*. at p. 9. For example, the ALJ discounted the medical opinions as inconsistent with Plaintiff's activities of daily living. The Court found the ALJ's reasoning was conclusory, but also found Plaintiff's activities of daily living were more limited than noted by the ALJ. *Id*. Defendant now asserts the ALJ cited to specific activities of daily living when discounting the medical opinions, and therefore it was reasonable to argue the ALJ did not err.

Dkt. 25, p. 3. Defendant, however, ignores the fact that the Court, in addition to finding the ALJ's reasoning conclusory, found the record did not support the ALJ's determination. *See id.*; Dkt. 21. After review of the record, the Court concluded the ALJ's reasons for giving less weight to the opinions of Drs. Quinci and Hurst were not proper or supported by substantial evidence. Dkt. 21. Thus, the Administration's position regarding Drs. Quinci and Hurst was not substantially justified. *See Meier*, 727 F.3d at 872 (finding the ALJ's position was not substantially justified where the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting a medical opinion); *Shafer v. Astrue*, 518 F.3d 1067, 1070, 1072 (9th Cir. 2008) (government's position was not substantially justified where ALJ erred in assessing claimant's RFC by failing to properly assess the medical evidence).

As the ALJ failed to discuss significant, probative evidence and failed to provide specific, legitimate reasons for giving less weight to the opinions of Drs. Quinci and Hurst, the Court finds the Administration's position was not substantially justified. *Meier*, 727 F3d at 872 (there is a strong indication the government's position was not substantially justified when the agency's decision is unsupported by substantial evidence); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult to justify").

The Administration has not shown substantial justification for the ALJ's underlying decision or its litigation decision. Further, there are no special circumstances which render an EAJA award in this matter unjust. Accordingly, the Court finds Plaintiff is entitled to attorney's fees under the EAJA. *See Meier*, 727 F.3d at 872.

## II. Reasonableness of Fee

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7.

Here, Defendant does not challenge the reasonableness of the fee. *See* Dkt. 25. Further, based on the facts and circumstances of this matter, and the briefing and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 23, 23-1. The Court finds Plaintiff's request for attorney's fees in the amount of $7,043.08, representing 32.60 hours of work, reasonable. *See* Dkt. 23-1. However, the Court finds Plaintiff reserved the right to amend the amount of the EAJA fees requested for the additional time expended to file and defend the Motion. *See* Dkt. 23. Therefore, the Court will allow Plaintiff to amend the fee request before entering an order granting Plaintiff's Motion. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157 (1990) (fees for time and expenses incurred in applying for fees were covered in EAJA cases).

## Conclusion

For the above stated reasons, the Court hereby finds the Administration's position was not substantially justified and Plaintiff is entitled to a fee award under EAJA. Plaintiff shall file an amended fee request, including the hours required to file and defend the Motion, on or before January 8, 2018. Following the receipt of Plaintiff's amended fee request, the Court will enter an order granting Plaintiff's Motion.

Dated this 22nd day of December, 2017.

David W. Christel
United States Magistrate Judge